# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　v.<br><br>CHRISTOPHER KYLIN,<br>　　　Defendant. | No. 3:18-cv-1092 (SRU) |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

### I. Background

The United States of America ("the government") brought this action on behalf of the United States Department of Education, seeking to obtain judgment against Christopher Kylin. The government alleges that Kylin is "indebted to the [government] in the principal amount of $172,814.00, plus interest of $71,486.81 on th[at] principal[,] computed at the rate of 5.37% and a daily rate of $25.45 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e." *See* Compl., Doc. No. 1, ¶ 3. Attached to the government's complaint is a Certificate of Indebtedness, which indicates that Kylin executed a promissory note to secure a Direct Consolidation loan from the United States Department of Education on or about July 22, 2010, that the loan was disbursed in the principal amount of $172,814.00 on September 27, 2010, and that Kylin defaulted on the obligation on November 2, 2011. *See* Certificate of Indebtedness, Doc. No. 1-1. The certificate further provides that the total debt owed, as of March 21, 2018, is $241,832.29. *Id*.

In his Answer, Kylin, proceeding *pro se*, states that he "does not admit the value of the obligation as stated by the [government]," and that "these obligations have been circulating in

financial markets for a number of years." Ans., Doc. No. 15, at 1.  Kylin attaches to his Answer five letters dated August 31, 2017, which he alleges are "copies of an offer from . . . the originator of the loans." *Id*. at 1, 3–7.  Kylin contends that those attachments demonstrate that "the actual market value of these loans on August 31, 2017 was $3,739.64," and that "they would have depreciated still further" since then.  *Id*. at 1.

The government now moves for summary judgment against Kylin, requesting that the court enter judgment "in the amount of $246,463.95 as of September 19, 2018, plus interest in the amount of $25.45 per day, that continues to accrue to the date of judgment."  Mot. for Summ. J., Doc. No. 16-1, at 5.  The government also requests that, should the court enter judgment in favor of the government, "interest continue to accrue from the date of judgment at the statutory rate in accordance with 28 U.S.C. § 1961."  *Id*.  Attached as Exhibit A to the government's Local Rule 56(a)1 Statement is a Federal Direct Consolidation Loan Application and Promissory Note signed by Kylin on July 22, 2010, which contains a promissory note for the loan at issue.[1]  *See* Local Rule 56(a)1 Statement, Doc. No. 16-2, at 1; Ex. A to Local Rule 56(a)1 Statement, Doc. No. 16-3, at 3.

Kylin initially opposes the motion on two grounds: first, on the ground that he had not received a copy of the summary judgment motion from the government and second, on the ground that "[t]he value of the debt" is a material and disputed fact.  *See* Mem. In Opp'n to Mot. for Summ. J., Doc. No. 19, at 1.  With respect to the latter argument, Kylin contends that the government "claim[s] a debt of $244,300.81," while he "claims that the actual value of this debt is $3,739.64."  *Id*.  The government filed a reply, to which Kylin responded, re-asserting his

---

[1] The promissory note states that the "estimated payoff amount" for the loan is $175,260.87.  Ex. A to Local Rule 56(a)1 Statement, Doc. No. 16-3, at 1.  The principal amount of the loan, however, was ultimately $172,814.00.  *See* Certificate of Indebtedness, Doc. No. 1-1.

2

argument regarding the "value" of the debt but forgoing the argument regarding lack of receipt of the government's motion.[2]

**II. Standard of Review**

A court shall grant summary judgment when the movant demonstrates that there is no genuine dispute with respect to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When reviewing a summary judgment motion, a court must construe the facts of record in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). Because Kylin is proceeding *pro se*, I must also read his "pleadings and other documents liberally and construe them in a manner most favorably" to him. *United State v. Whittlesey,* 2010 WL 1882283, at *2 (D. Conn. May 11, 2010) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of the pleadings and instead must present sufficient probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the

---

[2] In his response, Kylin specifically states that he "made no legal claim here regarding the failure of delivery on [the government's] part," but that "it would have been simple professional courtesy for them to mail the defendant a copy when they realized the first copy has miscarried." *See* Resp. to Reply to Mot. for Summ. J., Doc. No. 24, at 2. Accordingly, I will not address that argument.

3

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 322. In that instance, "there can be 'no genuine issue as to any material fact,' because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23; *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (finding that a movant's burden is satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim).

In an action to enforce payment of a promissory note, the government is entitled to summary judgment if it proffers evidence establishing that the defendant has "signed promissory notes, received loans pursuant to those notes, and defaulted on [his] payment obligations." *United States v. Cohan*, 111 F. Supp. 3d 166, 172 (D. Conn. 2015), *aff'd,* 667 F. App'x 6 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1078 (2017) (internal citations omitted). The government must also "support[] the amount it alleges is due." *Id.* (internal citations omitted). The government's *prima facie* burden can be satisfied by "a certificate of indebtedness and the promissory note sued upon." *Id*. (internal citations omitted).

Once the government makes a *prima facie* case, the burden then shifts to the defendant to "prove that the amount due is not owing." *United States v. Chereton*, 1994 WL 374544, at *2 (N.D. Cal. July 12, 1994); *see also United States v. Flynn*, 2019 WL 609100, at *2 (D. Conn. Feb. 13, 2019) (noting that, once a plaintiff "has met its burden to demonstrate the debt owed by Defendant, [this] shift[s] the burden to Defendant to prove any defenses to repayment"). If the

4

defendant does not satisfy that burden, the court should enter judgment in favor of the government. *See Whittlesey*, 2010 WL 1882283, at *3.

**III. Discussion**

In this case, the government has presented a Certificate of Indebtedness, indicating that Kylin executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education on or about July 22, 2010, as well as the promissory note itself. *See* Certificate of Indebtedness, Doc. No. 1-1; Local Rule 56(a)1 Statement, Doc. No. 16-2, at 1; Ex. A to Local Rule 56(a)1 Statement, Doc. No. 16-3, at 3. The government has therefore made a *prima facie* case, and the burden shifts to Kylin to "prove that the amount due is not owing." *Chereton*, 1994 WL 374554, at *2; *see also Flynn*, 2019 WL 609100, at *2.

I conclude that Kylin has not met his burden. The only evidence on which Kylin relies are five settlement proposals from a debt collector, dated August 31, 2017, pertaining to different amounts due. *See* Ans., Doc. No. 15. The five proposals, in the aggregate, offer that Kylin pay $3,739.64 to satisfy the amounts due, which total $74,792.63. *Id.* at 3–7. Kylin contended in his Answer that those settlement offers demonstrate that the "actual market" value of the loans on August 31, 2017 was $3,739.64. *Id*. at 1. Therefore, Kylin asserts that summary judgment should not be granted because the "actual value" of the debt is a material and contested fact. *See* Obj. to Mot. for Summ. J., Doc. No. 19, at 1. That is, while he avers that the "actual value" of the debt is $3,739.64, the government "claim[s] a debt of $244,300.81." *Id*.

The "market value" of the debt, however, does not inform the amount Kylin owes to the Department of Education under the July 22, 2010 promissory note. The promissory note does not condition the amount owed on the debt's market value; rather, Kylin "promise[d] to pay the U.S. Department of Education (ED) all sums disbursed . . . plus interest and other charges and

fees," as well as "reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees." *See* Ex. A to Local Rule 56(a)1 Statement, Doc. No. 16-3, at 3. Because the market value of the debt is therefore not a fact that "might affect the outcome of the suit under the governing law," I conclude, viewing the evidence in the light most favorable to Kylin, that no issue of material fact is present in this case and that the government is thus entitled to summary judgment. *See Harasz v. Katz*, 327 F. Supp. 3d 418, 426 (D. Conn. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Even if the "market value" of the debt is a material fact, I conclude that summary judgment is still appropriate because Kylin has not introduced sufficient evidence to raise a genuine dispute. *See Anderson*, 477 U.S. at 248 (finding that a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Although Kylin appears to allege that the settlement proposals pertain to the loans that form the basis of the underlying debt now in dispute, there is no evidence to that effect in the record. Moreover, even if the offers do correspond to the debt at issue, they do not account for all of the debt. The five "total due" amounts in the settlement offers add up to $74,792.63, which is considerably less than $172,814.00, the amount disbursed by the Department of Education. Finally, to the extent that Kylin also contends that the debt has settled for a lesser amount, I find no supporting evidence of that in the record. For those reasons, I conclude that the record does not include evidence on which a reasonable juror could find for Kylin. *Anderson*, 477 U.S. at 248.

I also hold that Kylin's two affirmative defenses, as set forth in his Answer, cannot survive summary judgment. In his Answer, Kylin asserts that the debt allegedly owed is "unreasonable" and a "literal impossibility," and that he "has no assets to pay any such claim,

and never has." *See* Ans., Doc. No. 15, at 2. Kylin, however, does not point to any specific facts in the record that support the claimed unreasonableness or impossibility of the debt. *See United States v. Flynn*, 2019 WL 609100, at *3 (D. Conn. Feb. 13, 2019). Although all inferences must be drawn in Kylin's favor, and although I must "construe the record in the light most favorable" to Kylin, those inferences must nevertheless be "supported by the evidence . . . and mere speculation and conjecture is insufficient to defeat a motion for summary judgment." *Id.* (internal quotation omitted). Accordingly, Kylin's defenses lack merit.

**IV. Conclusion**

For the foregoing reasons, the government's Motion for Summary Judgment is **GRANTED**. The Clerk shall enter judgment for the government in the amount of $246,463.95 as of September 19, 2018, plus interest in the amount of $25.45 per day accruing from that date until the date of judgment. Following judgment, interest shall continue to accrue pursuant to 28 U.S.C. § 1961.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of September 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge